# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARK A. WYATT,

    *Plaintiff*,                      CASE NO. 12-CV-15647

v.                                  DISTRICT JUDGE STEPHEN J. MURPHY, III
                                    MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

## I.    RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence does not support the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **GRANTED**, that Defendant's Motion for Summary Judgment be **DENIED**, that the findings of the Commissioner be **REVERSED** and the case **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

## II.     REPORT

### A.     Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claims for a period of disability and Disability Insurance Benefits ("DIB"). This matter is currently before the Court on cross-motions for summary judgment. (Docs. 11, 15.)

Plaintiff Mark A. Wyatt was 58 years of age at the time of the most recent administrative hearing. (Transcript, Doc. 8 at 32.) Plaintiff's work history includes employment as a teacher for nine years, a truck driver for one year, and a general laborer for one month. (Tr. at 125.) Plaintiff filed the instant claim on August 12, 2010, alleging that he became unable to work on January 10, 2008. (Tr. at 89.) The claim was denied at the initial administrative stage. (Tr. at 66.) In denying Plaintiff's claims, the Commissioner considered fractures of lower limbs as a possible basis for disability. (*Id.*) On July 20, 2011, Plaintiff appeared before Administrative Law Judge ("ALJ") Timothy Scallen, who considered the application for benefits *de novo*. (Tr. at 16-60.) In a decision dated October 12, 2011, the ALJ found that Plaintiff was not disabled. (Tr. at 25.) On October 21, 2011, Plaintiff requested a review of this decision. (Tr. at 14-15.)

The ALJ's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), on October 22, 2012, when the Appeals Council denied Plaintiff's request for review. (Tr. at 1-6.) On December 26, 2012, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision.

### B.     Standard of Review

In enacting the social security system, Congress created a two-tiered structure in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during the administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986) (en banc).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). *See also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). *See also Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

"It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (citing *Walters*, 127 F.3d

3

at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence")); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability"). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers,* 486 F.3d at 247 (quoting SSR 96-7p, 1996 WL 374186, at *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, a court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). *See also Mullen*, 800 F.2d at 545. The scope of a court's review is limited to an examination of the record only. *Bass,* 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241. *See also Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing *Mullen*, 800 F.2d at 545).

When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record,

4

regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party"); *Van Der Maas v. Comm'r of Soc. Sec.*, 198 F. App'x 521, 526 (6th Cir. 2006).

### C. Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). *Accord Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the DIB program of Title II, 42 U.S.C. § 401 *et seq.*, and the SSI program of Title XVI, 42 U.S.C. § 1381 *et seq.* Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

Step Two:  If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.

Step Three:  If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five:  Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Heston,* 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin,* 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work[.]" *Jones*, 336 F.3d at 474 (cited with approval in *Cruse,* 502 F.3d at 540). If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC [residual functional capacity] and considering relevant vocational factors." *Rogers,* 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)).

**D.     ALJ Findings**

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff met the insured status requirements through March 31, 2006, and that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of July 31, 2005 through his date last insured of March 31, 2006. (Tr. at 21.) At step two, the ALJ found that Plaintiff's subtalar arthritis and lateral impingement of the bilateral feet, status post fractures of the left lateral tibial plateau and right calcaneus were "severe" within the meaning of the second sequential step. (*Id.*) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. at 22.) At step four, the ALJ found that Plaintiff could not perform any past relevant work. (Tr. at 23.) The ALJ also found that as of the date last insured, Plaintiff was 52 years old, which put him in the individual closely approaching advanced age category. *See* 20 C.F.R. §§ 404.1563 and 416.963. At step five, the ALJ found that Plaintiff could perform a limited range of light work. (Tr. at 22-23.) Therefore, the ALJ found that Plaintiff was not disabled. (Tr. at 24-25.)

      **E.**    **Administrative Record**

A review of the relevant medical evidence contained in the administrative record indicates that Plaintiff was injured in 2002 when he fell from a ladder while cleaning gutters; he broke his tibia and fibula in his left leg and broke his right ankle and foot. (Tr. at 37, 211.) Plaintiff was treated at the John Dingell Veteran's Administration ("VA") Medical Center in Detroit for these injuries and resulting issues, such as lateral impingement syndrome, severe deformity of the calcaneum and rotational changes at the talocalcaneal joint, vagus deformity of the great toe, degenerative changes at the first metatarsophalangal joint, and osteoporosis, (Tr. at 162, 186, 216, 218; 163-302.) In addition, in 2008, x-rays of Plaintiff's spine showed "[s]evere degenerative disc disease L5-S1." (Tr. at 177.)

At the administrative hearing, Plaintiff testified that his left leg and right ankle still swell daily just from standing or walking. (Tr. at 39.) Plaintiff stated that since the accident, he elevates his left leg two feet each day for one and one-half hours, and again at night. (Tr. at 39, 50.) Plaintiff indicated that he can only stand for ten minutes at a time. (Tr. at 52.) Plaintiff estimated that the pain in his left leg is a seven out of ten and that the pain in his right ankle is an eight out of ten during the relevant time period and currently. (Tr. at 39-41.) Plaintiff stated that he has "no flexibility" in his left ankle or his toes because he has a cleft toe on the left and that, because of his right ankle injury, his "foot is like bent to the side and [causes] extreme pain." (Tr. at 41.) Plaintiff used a crutch in 2005 to 2006, and subsequently used a cane, but he indicated that he can't use anything now because he developed a callous on his hand which will need to be surgically removed. (Tr. at 42.) Plaintiff stated that he also experienced back pain in 2005 and 2006, which he rated at a six or seven out of ten; he continues to have increased pain in his lower back. (Tr. at 43-44.)

At the administrative hearing, the ALJ asked the vocational expert ("VE") to consider an individual with Plaintiff's background who

> is capable of performing at the . . . light exertion level with a sit/stand option; occasional overhead reaching; also limited to occasional climbing of stairs and ramps; no climbing of ropes, ladders, and scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling.

(Tr. at 56-57.) The VE responded that such a person could not perform Plaintiff's past relevant work, but could perform the 7,000 visual inspector, assembler, and hand packager jobs available in Southeastern Michigan. (Tr. at 57.)

  **F. Analysis and Conclusions**

  **1. Legal Standards**

The ALJ determined that during the time Plaintiff qualified for benefits, he possessed the residual functional capacity to perform a limited range of light work. (Tr. at 22-23.)

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

After review of the record, I suggest that the ALJ utilized the proper legal standard in his application of the Commissioner's five-step disability analysis to Plaintiff's claim. I turn next to the consideration of whether substantial evidence supports the ALJ's decision.

### 2.     Substantial Evidence

Plaintiff contends that the ALJ's decision is not supported by substantial evidence. (Doc. 11.) As noted earlier, if the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if this Court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan,* 474 F.3d at 833; *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

Specifically, Plaintiff contends that the "ALJ failed to create an accurate Residual Functional Capacity assessment and therefore erroneously found work at Step Five." (Doc. 11 at 8-11.) Plaintiff argues that his testimony and the objective medical evidence establish that he cannot meet the demands of light work. (*Id.*) In addition, Plaintiff contends that the ALJ made an erroneous credibility determination. (*Id*. at 11-13.)

9

Under Social Security Ruling ("SSR") 83-10, a "job is in this [light] category when it requires a good deal of walking or standing – the primary difference between sedentary and most light jobs." SSR 83-10, 1983 WL 31251, at *5. I suggest that the ALJ's RFC determination that Plaintiff could perform light work is not supported by substantial evidence. Plaintiff's initial injuries and the resulting continued impairments are well documented, i.e., lateral impingement syndrome, severe deformity of the calcaneum and rotational changes at the talocalcaneasl joint, vagus deformity of the great toe, degenerative changes at the first metatarsophalangal joint, and osteoporosis. (Tr. at 37, 162, 186, 211, 216, 218; 163-302.) Plaintiff's testimony also provides evidence that Plaintiff's impairments prevent him from standing or walking a good deal of the time. Plaintiff testified that his left leg and right ankle still swell every day just from standing or walking on them, that he daily elevates his left leg two feet for one and one-half hours, and that he can only stand for ten minutes at a time. (Tr. at 39, 50, 52.)

I also suggest that the ALJ's erroneous RFC findings are not harmless and that remand is necessary. Although it could be argued that where one was found able to perform light work the ability to perform sedentary work may be presumed, in the instant case, the VE did not describe any sedentary jobs that Plaintiff could perform. *See Beck v. Comm'r of Soc. Sec.*, No. 12-11067, 2012 WL 7827842, at *14-15 (E.D. Mich. Dec. 26, 2012) (finding that the "ALJ's error is not readily deemed harmless because the VE offered no testimony about someone limited to sedentary, as opposed to light, work").

In addition, Plaintiff's RFC also included a sit/stand option which would not be accounted for by the grids and would need to be addressed by a VE. *See Lash v. Astrue*, No. 1:12-cv-01306, 2013 WL 821333, at *8 (N.D. Ohio, Mar. 5, 2013) (rejecting argument that ALJ's error in finding the plaintiff could perform light work because the plaintiff could still perform sedentary work was

10

harmless; VE would still need to address other portions of the record limitations, such as the need for a sit/stand option); *Cobb v. Comm'r of Soc. Sec.*, No. 2:10-CV-10023, 2011 WL 1085538, at *4-5 (E.D. Mich. Mar. 22, 2011) (rejecting argument that ALJ's error in finding the plaintiff could perform light work was harmless since the finding necessarily includes the ability to perform sedentary work where the VE did not address the availability of jobs considering potential limitations in the sedentary work occupational base such balancing, inability to work near heat, humidity, nosie, etc.).

Accordingly, I recommend that the case be remanded under sentence four of 42 U.S.C. § 405(g) to give the ALJ an opportunity to conduct the proper evaluation and make a proper RFC analysis.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with

the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                         s/ Charles E Binder
                                         CHARLES E. BINDER
Dated: January 24, 2014                      United States Magistrate Judge

**CERTIFICATION**

    I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date:  January 24, 2014                  By    s/Patricia T. Morris
                                                               Law Clerk to Magistrate Judge Binder