UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK A. WYATT,

    Plaintiff,                                          Case No. 12-cv-15647

v.                                                      HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                              /

**ORDER ADOPTING THE
REPORT AND RECOMMENDATION**
(document no. 18)**, GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT**(document no. 11)**, DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT** (document no. 15)**, AND REMANDING THE CASE**

    Plaintiff Mark A. Wyatt broke various bones in his lower body after falling from a ladder. He claims that the injuries and resulting complications left him disabled. Wyatt's disability claims with the Social Security Commission were denied, however, after an administrative law judge ("ALJ") found that Wyatt could still perform a limited range of light work. Once the ruling became the final decision of the Commissioner of Social Security, Wyatt sought judicial review.

    On cross-motions for summary judgment, the magistrate judge recommended that the case be remanded for further proceedings, because the ALJ improperly discounted Plaintiff's testimony about his limitations in finding that he could perform a limited range of light work. No party filed a timely objection to the magistrate's report and recommendation ("Report"). *See* Fed. R. Civ. P. 72(b)(2). Although a court must review timely objections to a magistrate judge's report and recommendation, a court may adopt, reject, or amend the portions of a report and recommendation to which no party properly objects. *See* Fed. R.

Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Having reviewed the parties' filings and the Report, the Court will adopt it, subject to the following clarification, and remand the case.

The ALJ found that Wyatt was not disabled because he could still perform a limited range of light work. In reviewing this finding, the magistrate concluded that the ALJ had improperly discounted Plaintiff's testimony that he had significant trouble walking or standing for extended periods of time. Although the Court agrees that the ALJ erred in finding that Wyatt was not disabled, a point of clarification is in order given the Commissioner's argument that Wyatt could perform light work largely from a seated position.

As the ALJ's hypothetical question to the vocational expert reflects, some jobs in the light work category will permit a person to sit for "most of the time." 20 C.F.R. § 404.1567(b). But such jobs still may require standing for several hours during the workday, and the ALJ here specified that Wyatt could handle the "occasional" climbing of stairs or ramps, stooping, kneeling, crouching, and crawling, meaning that he might have to perform these activities for up to one-third of an eight-hour workday. *See* Social Security Ruling 83-10. These findings are not supported by substantial evidence. As the magistrate judge observed, Wyatt testified that his "impairments prevent him from standing or walking a good deal of the time" and prevent him from standing more than "ten minutes at a time." Report at 10. And Wyatt testified that climbing stairs, crouching, and crawling are very difficult — a statement consistent with the objective medical evidence. Tr. at 49, ECF No. 8-2; Report 7–8. Therefore, remand is proper.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report (document no. 18) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Wyatt's motion for summary judgment or remand (document no. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Defendant's motion for summary judgment (document no. 15) is **DENIED**.

**IT IS FURTHER ORDERED** that the case is **REMANDED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 27, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 27, 2014, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager