UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK A. WYATT,                                    Case No. 12-15647

              Plaintiff,            Hon. Stephen J. Murphy, III.
v.                                                United States District Judge

CAROLYN W. COLVIN,                                Michael Hluchaniuk
Acting Commissioner of Social                     United States Magistrate Judge
Security,

              Defendant.
_____/

## REPORT AND RECOMMENDATION
## PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES (Dkt. 21)

## I.    PROCEDURAL HISTORY

Plaintiff filed an application for social security disability insurance benefits on August 12, 2010, alleging that he became disabled on January 10, 2008. (Tr. 89). His claims were initially disapproved by the Commissioner on November 5, 2011. (Tr. 66). Plaintiff requested a hearing and on July 20, 2011, plaintiff appeared with an attorney before Administrative Law Judge (ALJ) Timothy C. Scallen, who considered the case de novo. In a decision dated October 12, 2011, the ALJ found that plaintiff was not disabled. (Tr. 25). Plaintiff requested a review of this decision, however, the ALJ's decision became final on October 22, 2012, when the Appeals Council denied plaintiff's request for review. (Tr. 1-6).

On December 26, 2012, plaintiff then filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C.A. § 636(b)(1) (B) and Local Rule 72.1(b)(3), District Judge Stephen J. Murphy referred this matter to Magistrate Judge Charles E. Binder for the purpose of reviewing the Commissioner's decision denying plaintiff's claim. (Dkt. 4). On January 24, 2014, Judge Binder issued a Report and Recommendation granting plaintiff's motion for summary judgment and denying the Commissioner's motion for summary judgment. (Dkt. 18). On February 27, 2014, District Judge Murphy issued a Memorandum and Order adopting the Report and Recommendation and remanded the case for further proceedings. (Dkt. 19). A final judgment was also entered on February 27, 2014. (Dkt. 20).

On May 28, 2014, plaintiff filed a motion for fees and costs under the Equal Access to Justice Act (EAJA). (Dkt. 21). Defendant filed a response on June 9, 2014. (Dkt. 23). On February 25, 2015, plaintiff filed a motion for leave to file a reply. (Dkt. 25). On September 30, 2015, Judge Murphy referred plaintiff's motion for fees and costs to the undersigned, together with plaintiff's motion for leave to file a reply. (Dkt. 21, 25). That same day, by text order, the undersigned granted plaintiff's motion to file a reply. Plaintiff's motion for fees and costs is now ready for review.

For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff's motion for attorney fees be **GRANTED**; and (2) that fees in the amount of $7,949.27 be awarded to plaintiff.

## II.   DISCUSSION

A.   Was the Commissioner's Decision Substantially Justified?

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. 28 U.S.C. § 2412(d) (1)(A).  While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); *Damron v. Soc. Sec. Comm'r*, 104 F.3d 853, 855 (6th Cir. 1997). The burden rests with the Commissioner to establish that his position was substantially justified, *see Department of Labor Sec'y v. Jackson Cnty. Hosp.*, 2000 WL 658843, at *3 (6th Cir. 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person."  *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir.1989).  However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not mean that it was not substantially justified."  *Bates v. Callahan*, 1997 WL 588831 at *1 (6th

3

Cir.1997); *see also Couch v. Sec'y of Health & Hum. Servs.*, 749 F.2d 359, 359 (6th Cir. 1984).

According to the plaintiff, the Commissioner's lack of substantial justification in the pre-litigation action of the Agency is shown by the fact that the ALJ's RFC determination that plaintiff could perform "light work" was not supported by substantial evidence. (Dkt. 18, at 10). Plaintiff points out that the erroneous RFC findings were not harmless error and remand was necessary. Specifically, plaintiff contends that the RFC included a sit-stand option which was not accounted for by the grids and would need to be addressed by a vocational expert. *See Lash v. Astrue*, No. 1:12-cv-0106, 2013 WL 821333, at *8 (N.D. Ohio Mar. 3, 2013) (rejecting argument that ALJ's error in finding plaintiff could perform light work because plaintiff could still perform sedentary work was harmless; VE would still need to address other portions of record limitations, such as the need for a sit-stand option); *see also Cobb v. Comm'r of Soc. Sec.*, No. 2:10-cv-10023, 2011 WL 1085538, *4-5 (E.D. Mich. Mar. 22, 2011). Plaintiff asserts that where legal error results in reversal of the ALJ's decision and where such legal error is contrary to "clearly established statutory and court precedent," the Commissioner's position before the agency is not substantially justified. *Underwood*, 487 U.S. at 561-62; *see also Golembiewski v. Barnhart*, 322 F.3d 912, 916 (7th Cir. 2003); *Reese v. Sullivan*, 925 F.2d 1395, 1397 (11th Cir. 1991);

*Washington v. Heckler*, 756 F.2d 959, 962 (3rd Cir. 1985) ("When the Government's legal position clearly offends established precedent, however, its position cannot be said to be substantially justified.").  According to plaintiff, the ALJ's actions were not reasonable, and the Government's position defending the ALJ's denial of plaintiff's benefits was based on flawed reasoning and misapplication of the law.

According to the Commissioner, the government's position meets the substantial justification standard.  The Commissioner argues that the Magistrate Judge found that the ALJ erred by finding that plaintiff could perform light work, which may require more standing and walking than sedentary work.  (Dkt. 18, at 9-11).  However, the Commissioner contends that this does not mean that its defense lacked substantial justification.  The Commissioner points out that SSA policy recognizes that there are some light, unskilled jobs that can be performed in the seated position, where the individual is seated most of the time.  SSR 83-10, 1983 WL 31251, at *5.  Even the regulations provide that a light job can involve sitting most of the time when it involves pushing and pulling of arm or leg controls.  20 C.F.R. § 404.1567(b).  Additionally, the Commissioner argues that the vocational expert testified that there are a significant number of light jobs in the national economy that an individual could perform in the seated or standing position.  (Tr. 57).  The Commissioner also lists cases from this Circuit that have

affirmed ALJ's decisions for light work that meet the lifting and carrying requirements, but with lowered requirements for standing and walking, further supporting the Commissioner's decision to defend the ALJ's conclusions. *See, e.g., Coulter v. Comm'r of Soc. Sec.*, 25 Fed. App'x 305 (6th Cir. 2001); *Hammond v. Apfel*, 211 F.3d 1269 (6th Cir. 2000); *Slone v. Comm'r of Soc. Sec.*, 861 F.2d 721 (6th Cir. 1988); *Borg v. Comm'r of Soc. Sec.*, 2011 WL 6955719 (E.D. Mich. Dec. 11, 2011); *Grubb v. Comm'r of Soc. Sec.*, No. 10-11064, 2011 WL 846073 (E.D. Mich. Feb. 9, 2011).

In this case, the undersigned finds that the Commissioner has not met its burden of showing that its position was substantially justified. Indeed, when the District Court adopted the report and recommendation granting plaintiff's motion for summary judgment and remanding the case, it took the opportunity to clarify the Commissioner's argument that plaintiff could perform light work largely from a seated position. The District Court stated:

> As the ALJ's hypothetical question to the vocational expert reflects, some jobs in the light work category will permit a person to sit for "most of the time." 20 C.F.R. § 404.1567(b). But such jobs still may require standing for several hours during the workday, and the ALJ here specified that Wyatt could handle the "occasional" climbing of stairs or ramps, stooping, kneeling, crouching, and crawling, meaning that he might have to perform these activities for up to one-third of an eight-hour workday. *See* Social Security Ruling 83-10. These findings are not supported by substantial evidence.

6

> As the magistrate judge observed, Wyatt testified that his
> "impairments prevent him from standing or walking a
> good deal of the time" and prevent him from standing
> more than "ten minutes at a time." Report at 10. And
> Wyatt testified that climbing stairs, crouching, and
> crawling are very difficult — a statement consistent with
> the objective medical evidence. Tr. at 49, ECF No. 8-2;
> Report 7-8. Therefore, remand is proper.

The Sixth Circuit has ordered awards of attorneys' fees under the EAJA where the government's litigating position was inconsistent with established precedent. *See e.g.*, *Caremore, Inc. v. NLRB*, 129 F.3d 365, 371 (6th Cir.1997); *see also Walker v. Astrue*, 2010 WL 596451, at *2 (N.D. Ohio 2010). In addition, "Social Security Rulings are binding on all components of the Social Security Administration. These rulings represent 'precedent final opinions and orders and statements of policy and interpretations that [the Social Security Administration] ha[s] adopted.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 834 (6th Cir. 2006), quoting 20 C.F.R. § 402.35(b)(1).

The undersigned does not view this as a case of the Commissioner defending a case of a plaintiff who is limited to light work that can be performed in the seated position. Indeed, the ALJ here indicated that plaintiff had the functional capacity to "occasionally" climb stairs or ramps, stoop, kneel, crouch, or crawl, meaning that the ALJ concluded that he had the ability to perform these activities for up to one-third of an eight-hour workday. SSR 83-10. The District

Judge indicated that these findings were not supported by substantial evidence. Indeed, plaintiff testified that climbing stairs, crouching and crawling are very difficult–a statement that was consistent with the medical evidence. Nevertheless, the hypothetical question to the vocational expert provided that plaintiff could perform these activities "occasionally" or up to one-third of the work-day. Viewing the government's litigation in its entirety, the Commissioner was not substantially justified in defending a decision that failed to follow well-established procedures and precedent– namely that "[a] vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments." *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001). As such, the undersigned concludes that defendant's position was not "substantially justified" in this matter and fees should be awarded.

   B.   <u>Are the Requested Fees Reasonable?</u>

   The EAJA permits an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). Plaintiff bears the burden of proving the reasonableness of the fees requested. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Courts regularly utilize the lodestar approach to calculating attorney fees, "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."

8

*Blanchard v. Berteroa*, 489 U.S. 87, 94 (1989).  The EAJA bases attorney fees on the market rate, but also caps the hourly rate at $125 per hour, unless an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Although the EAJA limits attorneys fees to the litigation process, *id.* § 2413(a)(1), this includes the EAJA application process.  *I.N.S. Comm'r v. Jean*, 496 U.S. 154, 162 (1990).  While a court must award compensation for all time reasonably expended, it should exclude time that is excessive, redundant, or inadequately documented.  *Hensley*, 461 U.S. at 433-34.

Defendant argues that the fee request in this case is excessive for two reasons: first, because plaintiff seeks compensation for excessive time spent litigating the case; and second, because plaintiff has not established that fees should exceed the $125 per hour statutory cap.  The court will consider the second issue first.

Defendant argues that the fee request in this case is excessive primarily because plaintiff has not established that the fees should exceed the $125 per hour statutory cap. The EAJA generally caps the hourly rate for attorney's fees at $125 per hour.  *See* 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health & Human Servs*., 781 F.2d 545, 547 (6th Cir. 1986).  Plaintiff seeks to recover at a rate of $178.77 per hour for work performed in 2012, $181.60 for work done in 2013, and $184.50 for work done in 2014,

representing the cost of living adjustments.  The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  The Sixth Circuit has determined that whether a cost of living adjustment above the statutory cap is warranted is a matter committed to the district court's discretion, and that a district court generally acts well within its discretion when it declines to make such an adjustment.  *See Begley v. Sec'y Health & Human Servs*., 966 F.2d 196, 199 (6th Cir. 1992).  When requesting an award for attorney fees in excess of $125 per hour, the claimant bears the burden of providing appropriate evidence to support the increase. *Bryant v. Comm'r of Soc. Sec*., 578 F.3d 443, 450 (6th Cir. 2009), citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984). The Sixth Circuit has required claimants to "produce satisfactory evidence-in addition to the attorney's own affidavits that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (citation and internal quotations omitted).  The Sixth Circuit has rejected attorney fee requests seeking a higher rate where the plaintiff relied solely on the Department of Labor's Consumer Price Index (CPI).  *Id.*; *see also Sleight v. Comm'r of Soc. Sec*., 2012 WL 4006684, at *2 (E.D. Mich. 2012) (J. Cohn

rejected claim for fees in excess of $125 where the plaintiff provided no evidence that the fees requested were in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation and where the plaintiff only submitted the CPI); *Page v. Astrue*, 921 F. Supp. 2d 746, 748 (E.D. Mich. 2013) (same).

In this case, however, plaintiff provides evidence similar to that provided in *Darling v. Comm'r of Soc. Sec.*, 2012 WL 479203 (E.D. Mich. 2012). In that case, Judge Goldsmith noted that plaintiff had offered far more than just the CPI evidence in *Bryant*, including affidavits offered by two individuals familiar with the landscape of the Social Security bar in Michigan. Those two same individuals offered affidavits in this case. First, Dannelly Smith, a non-attorney who has been representing claimants before the Social Security Administration at all levels of review for over thirty years and with an extensive base of knowledge in social security claims in federal court. Smith's testimony is essentially: (i) there is a significant shortage of attorneys in Michigan who are willing to litigate Social Security appeals in federal court due to the demanding and time-consuming nature of the work, (ii) those attorneys who are willing to litigate Social Security appeals are extremely selective in the cases they accept and commonly reject appeals that are likely meritorious, and (iii) plaintiff's counsel "is more open in his willingness to take cases" and his services "are indispensable to many of [Smith's] clients"

who would not otherwise be able to procure counsel to file an appeal in federal court.  The next affidavit offered by plaintiff is from Evan Zagoria, a Michigan attorney, whose practice consists primarily of litigating Social Security disability claims before the Social Security Administration. Zagoria states that he will only proceed with an appeal in federal court on behalf of a claimant if he also represented that claimant before the Social Security Administration; that is, he "will not accept other representative's clients who were denied benefits by an administrative law judge."  Zagoria explains that Social Security appeals are generally time-consuming and not lucrative, making the "risk/reward factor unfavorable," and that he has been unable to find local attorneys to handle those Social Security appeals he cannot handle on his own.

In *Darling*, Judge Goldsmith concluded that this evidence was satisfactory and plaintiff met his burden of showing that a "special factor," the limited availability of qualified attorneys for the proceedings, justified the adjustment. The Commissioner does not offer any basis to distinguish *Darling* from the present circumstances.

In addition, the undersigned is not persuaded by the Commissioner's argument that the attorney who actually performed most of the work in this case is not as experienced as the attorneys who offered affidavits. Those attorneys have hourly rates ranging from $200-$350 per hour, well in excess of what plaintiff

12

actually requests in this case.  Here, plaintiff requests an hourly rate of $178.77 for attorney work performed in 2012 (an average rate of "all items" figure CPI of the Detroit region), an hourly rate of $181.60 for the attorney work performed in 2013, and an hourly rate of $184.50 for the attorney work performed in 2014, under EAJA, representing the cost of living adjustments allowed by 28 U.S.C. § 2412(d)(2)(A)(ii).

Significantly, there are a number of recent cases in this District where the Commissioner has not objected to similar rates. *Hamilton v. Comm'r of Soc. Sec.*, 2011 WL 10620498 (E.D. Mich. 2011) (finding the hourly rate of $170 to $172 for Daley's firm consistent with prevailing EAJA rates in this district); *Phillips v. Comm'r of Soc. Sec.*, 2013 WL 5313200 (E.D. Mich. 2013) (finding $180 to be reasonable); *Cowart v. Comm'r of Soc. Sec.*, 795 F. Supp. 2d 667, 671 (E.D. Mich. 2011) ($173.00 per hour was a reasonable rate for work performed from November 2008 to June 2010).  As well as a recent case where the Court has approved identical rates by the same law firm.  *See Johnson v. Comm'r of Soc. Sec.*, 12-13268, 2014 WL 3429776 (E.D. Mich. July 14, 2014) (concluding $178.77 per hour and $181.60 per hour was reasonable rate for work performed in 2012 and 2013 by the Daley law firm).

The parties originally disputed the appropriate rate for the law clerk fees, however, plaintiff agreed to reduce the unlicensed attorney law clerk's rate to

13

$100 per hour so that all the law clerk fees would be the same. (Dkt. 25-1, at 7).

The Commissioner does not dispute reasonableness of the law clerk fees of $100

per hour for the non-attorney law clerk. In *Allshouse v. Comm'r of Soc. Sec.*, 2009

WL 4884968, at *7 (E.D. Mich. 2009), the Court concluded that $105 per hour

was reasonable for this same law clerk and in *Zanon*, the Court concluded that

$125 per hour was appropriate, given "the passage of time." In the view of the

undersigned, $100 per hour for all law clerk time is reasonable. *See e.g.*, *McNelis*

*v. Comm'r of Soc. Sec.*, 2010 WL 5866250, at *4 (E.D. Mich. 2010), *adopted as*

*modified by,* 2011 WL 743393 (E.D. Mich. 2011) (hourly rate of $105 per hour for

unlicensed attorney law clerk working as a paralegal); *Hamilton v. Comm'r of Soc.*

*Sec.*, 2011 WL 10620498, at *2 (E.D. Mich. 2011) (hourly rate of $75 per hour for

unlicensed attorney law clerk working as a paralegal).

The Commissioner also disputes the amount of hours billed in this case,

49.44 hours, for a total amount of $8,627.77.[1] Specifically, the Commissioner

contends that the time plaintiff spent in this case, 49.44 hours, is excessive in light

of the complexity, or lack thereof, of the case. The Commissioner claims that

plaintiff is only entitled to receive compensation for the number of hours

---

[1] In his reply brief, plaintiff agreed to reduce the number of hours that he spent briefing from 38.67 to 35 hours. As such, plaintiff requests a total amount of $7,953.60, which represents 1.5 attorney hours at $178.77/hr in 2012; 37.73 attorney hours at $181.75/hr in 2013; 2.15 attorney hours in 2014 at $184.50; and 4.27 paralegal hours at $100/hour. The undersigned calculated slightly different amounts which are represented in the court's conclusions and recommendation.

reasonably expended by his attorneys on the case. The Commissioner specifically claims that excessive time was incurred by duplication of work, extra time due to inexperience, billing of tasks ordinarily performed by non-attorney personnel, and billing of hours spent on an issue on which the party did not prevail. The Commissioner contends that the average range of hours necessary to handle most social security appeals is between 20-30 hours. *Glass v. Sec'y of Health & Human Servs.*, 822 F.2d 19, 20 (6th Cir. 1987). Plaintiff further notes that 40 hours would be considered at the high end of an average range. *See Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990).

The undersigned finds that, taken as a whole, the hours expended by plaintiff's attorney and law clerks were reasonable. The Commissioner is quite right that in a routine social security disability case, the Sixth Circuit has concluded that a range of 30 to 40 hours is typical. See *Hayes*, 923 F.2d at 420 ("It is the opinion of this Court that the average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours."). That does not mean, however, in the view of the undersigned, that the hours reported by plaintiff's attorney (45.77 hours) are automatically unreasonable. The Court finds that the hours expended by plaintiff's attorney and law clerks were generally reasonable. While none of the issues raised were extraordinarily complex, plaintiff raised two separate errors for review. The Commissioner also complains that the transcript is

15

sparse, 311 pages, however, the number of pages contained in the record is not generally indicative of the time necessary for review and analysis. Sometimes a social security transcript may contain extraneous or duplicative material while on other occasions, each page must be carefully reviewed and analyzed in order to understand all the issues. Moreover, as is often the case with litigation, theories, analyses, and research may be undertaken, reworked, and ultimately rejected by counsel, which is difficult to account for in the final product presented to the Court. The 45.77 hours expended by plaintiff's attorney and his law clerks on this case are within the range of reasonable time expended in such a case, falling just outside of the average range set forth by the Circuit.

Based on the foregoing, the undersigned concludes that plaintiff should be awarded the following attorney fees in this case:

| | |
|---|---|
| 2012 Attorney Fees | $268.16 |
| 2013 Attorney Fees | $6,857.43 |
| 2014 Attorney Fees | $396.68 |
| Law Clerk Hours | $427.00 |
| Total Fees | $7,949.27 |

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED**; and (2) that fees in the amount

of $7,949.27 be awarded to plaintiff.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs*., 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge. *7 Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections

17

are without merit, it may rule without awaiting the response.

Date: October 13, 2015     s/Michael Hluchaniuk
             Michael Hluchaniuk
             United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

   I certify that on October 13, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

             s/Tammy Hallwood
             Case Manager
             (810) 341-7887
             tammy_hallwood@mied.uscourts.gov